### THE PEOPLE *v.* DÍAZ ET AL.

#### APPEAL from the District Court of Guayama.

No. 91.—Decided February 28, 1907.

FORFEITURE OF BOND FURNISHED IN CRIMINAL CASE—FAILURE OF ACCUSED TO APPEAR—DILIGENCE OF SURETIES.—Where the forfeiture of a bond furnished in a criminal case is ordered, if the accused and his sureties appear in court during that term of court and satisfactorily excuse his neglect to appear for trial, the court may vacate such forfeiture; but if, as in the case at bar, the sureties merely show that they have been diligent in endeavoring to capture the accused, the forfeiture will not be vacated, because the thing to be satisfactorily explained is the failure of the accused to appear for trial, and not a lack of diligence on the part of the sureties on his bond in their efforts to secure his appearance.

The facts are stated in the opinion.
*Mr. Rossy, fiscal,* for appellant.
The respondent did not appear.
MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

The *fiscal* of the District Court of Guayama filed an information against Manuel Viruet alleging a violation of section 161 of the Penal Code, and the defendant having been arrested, he furnished bail for his release from custody in the sum of $500, the undertaking being signed by Arturo Díaz and Vicente Rodríguez, as bondsmen, by which they undertook to answer for the appearance of the defendant in court, at any time, and that the defendant would hold himself amenable to the order and process of the court, and also that, if convicted,

he would appear for judgment in said cause, submitting himself to the execution thereof; the condition of this undertaking being that if the defendant should fail to perform any of these conditions the bondsmen would pay to The People of Porto Rico the amount thereof. On April 11, 1906, the defendant was duly summoned to appear at the trial of his cause in the District Court of Guayama, which trial was to be held on the 23d of the said month, and on that date, that is to say, the 11th of said month of April, the bondsmen were also duly notified that the defendant had been summoned to appear for trial on the said 23d, being furthermore advised of their obligation to produce said defendant in court on the date set for the trial, under the penalty of the forfeiture of the bond they had furnished. The day of the trial having arrived, and the defendant not having appeared, the court, on motion of the *fiscal* directed the forfeiture of the undertaking. On April 25 of the same year, the defendant was arrested in Ponce by the Insular Police and the next day turned over to his bondsmen, who, on the same day, April 26, made a motion to the District Court of Guayama, through their counsel, Attorney Nadal, alleging that having had information in due time that the defendant, Manuel Viruet, was not at his residence in Cayey, and fearing that he might have fled, they took steps to find him, which resulted in his capture by the police; that if the defendant had not appeared in court on the 23d, the day set for the trial of his cause, it was not due to the will of the bondsmen, who had done everything within their power to secure his delivery to said authority. For these reasons only, invoking the provisions of section 396 of the Code of Criminal Procedure, they prayed the court to direct the discharge of the forfeiture of the undertaking ordered at the trial, and that the bondsmen be relieved of any liability in this connection.

On April 26, 1906, the District Court of Guayama, holding that the bondsmen had duly proved that they had taken diligent steps to capture the defendant, whom they had turned

over to the authorities before the end of the term of court, and taking into consideration that the failure of the defendant to appear caused the expenses incident to the suspension of the proceedings, directed the forfeiture of the undertaking to be discharged, under the condition that the sureties of Manuel Viruet defray the costs caused by his failure to appear for trial.

An appeal was taken from this decision to this court by the *fiscal* of the District Court of Guayama, who sought its reversal.

This case bears some similarity to that of *The People of Porto Rico* v. *Guadalupe Cruz et al.* (*ante.* p. 70) also from said court of Guayama, recently decided by this court, which affirmed the decision appealed from in every respect; they differ, nevertheless, in that in the former case the record showed not only that the bondsmen had appeared and explained to the court the steps they had taken to find the defendant, but also that the defendant himself had explained his failure to appear, alleging under oath that before leaving his father's house he had been told that his trial would not be held for two or three months, and that as soon as he heard that the authorities were looking for him, he went to Guayama to surrender himself; while in this case, the defendant has not explained to the court the causes which prevented him from appearing in court on the day for the trial of his case, nor have his bondsmen even attempted to justify such failure to appear by some satisfactory explanation, thus relieving themselves of the liabilities incurred as such bondsmen.

Section 396 of the Code of Criminal Procedure, clearly provides in the English edition, which is the original, that if the defendant or his bail appear and satisfactorily excuse his neglect to appear for trial, the court, in the cases in which it may have directed the forfeiture of the undertaking on this account, may order the discharge of such forfeiture, upon such terms as may be just.

As the only cause which has been alleged as a ground for the motion for the discharge of the forfeiture of the undertaking ordered in this case, is that the bondsmen had taken diligent steps for the capture of the defendant, but, as according to section 396 above cited, what must be satisfactorily explained is the failure of the defendant to appear for trial, and not the lack of diligence of his bondsmen to prevent such failure to appear, it must be held that the judge of the District Court of Guayama, who rendered the decision appealed from, did not properly exercise the discretional power granted by said article in such cases, no doubt on account of the lack of clearness noted in the Spanish text thereof when compared with the English text, and, therefore, we believe that said decision, rendered on April 26, 1906, the subject of this appeal, should be reversed, and the undertaking in the sum of $500, signed in favor of The People of Porto Rico, by Arturo Díaz and Vicente Rodríguez, as bondsmen of Manuel Viruet, should be declared forfeited, and that the demand should be made on them for the payment thereof, and, in a proper case, that the proper execution issue for the satisfaction of the judgment.

*Accordingly decided.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.